Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| DR. JUAN M. COLÓN RIVERA, ETC.<br><br>Peticionario<br><br>v.<br><br>TRIPLE S SALUD, INC., ETC.<br><br>Recurrida | KLCE202400314 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Caso número: ISCI201600064<br><br>Sobre: DAÑOS Y PERJUICIOS |
|---|---|---|

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Alvarez Esnard y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

**R E S O L U C I Ó N**

En San Juan, Puerto Rico, a 24 de abril de 2024.

Comparece ante *nos*, el Dr. Juan M. Colón Rivera (Dr. Colón Rivera o peticionario) y nos solicita que revisemos la *Resolución y Orden* emitida el 12 de diciembre de 2023, notificada el 19 de diciembre de 2023, por el Tribunal de Primera Instancia (TPI), Sala Superior de Mayagüez. Mediante dicho dictamen, el TPI aceptó la representación legal del Lcdo. César T. Alcover Acosta y de la Lcda. Carla Loubriel Carrión como corepresentante del Dr. Héctor Rodríguez Blázquez (Dr. Rodríguez Blázquez o recurrido).

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable, *denegamos* el auto de *certiorari*, por los fundamentos que exponemos a continuación.

**I.**

Este recurso tiene su origen el 26 de enero de 2016, cuando la parte peticionaria presentó una *Demanda* sobre daños y perjuicios en contra del Dr. Rodríguez Blázquez, Triple-S Salud, Inc. (Triple-S) y otros. Posteriormente, Triple-S anunció como su representante legal al Bufete Casellas Alcover & Burgos, PSG

Número Identificador

RES2024 _____

Almonte, quien fungió como representante legal de Triple-S hasta septiembre 2018. Asimismo, el Dr. Rodríguez Blázquez, Urologist, LLC., y otros anunciaron que serían representados por el Lcdo. Harry Padilla Martínez.

Luego de varios incidentes procesales, innecesarios pormenorizar, el 27 de noviembre de 2023, el Dr. Rodríguez Blázquez presentó una *Moción para Unirse a Representación Legal*. En la misma, el Lcdo. César T. Alcover Acosta y la Lcda. Carla Loubriel Carrión solicitaron al TPI unirse a la representación legal del Dr. Rodríguez Blázquez en conjunto con el Lcdo. Harry Padilla Martínez. Así, el 12 de diciembre de 2023, el TPI emitió una *Resolución y Orden* mediante la cual aceptó la representación legal del Lcdo. César T. Alcover Acosta y de la Lcda. Carla Loubriel Carrión. Dicha *Resolución y Orden* fue notificada el 19 de diciembre de 2023.

Consecuentemente, el 29 de diciembre de 2023, la parte peticionaria presentó ante el TPI una *Reconsideración*. Planteó que el Lcdo. César T. Alcover Acosta representó a Triple-S en este mismo caso, por lo que existe un conflicto de representación sucesiva adversa. Así pues, arguyó que el Lcdo. César T. Alcover Acosta y su bufete tienen un conflicto debido a que como representante legal del Dr. Rodríguez Blázquez y Urologist, LLC., tiene que contradecir la posición que defendía mientras representaba a Triple-S. Sostuvo, además, que independientemente que Triple-S no tenga reparos en que el Lcdo. César T. Alcover Acosta y su bufete asuma la representación legal del Dr. Rodríguez Blázquez, el Canon 21 de los Cánones de Ética Profesional específica que un abogado no debe aceptar la representación de un cliente en asuntos que puedan afectar adversamente cualquier interés de otro cliente, aun cuando ambos clientes así lo aprueben.

Entretanto, el 9 de enero de 2024, el Dr. Rodríguez Blázquez presentó una *Oposición a Moción de Reconsideración [...]*. En esencia, adujo que las defensas del Dr. Rodríguez Blázquez y Triple-S en este caso están alineadas y sus posturas no son conflictivas. Indicó que la parte peticionaria carece de legitimación activa para invocar el presunto conflicto, pues esta levantando un conflicto inexistente que a quien único afectaría es a Triple-S.

Oportunamente, el 23 de enero de 2024, la parte peticionaria presentó una *Urgente Moción Aclarando Posición [...]*. Así las cosas, el 25 de enero de 2024, Triple-S presentó una *Moción en Cumplimiento de Orden sobre Solicitud de Reconsideración.* En esta, alegó que no tiene objeción a que el Bufete Casellas Alcover & Burgos, PSG Almonte asuma la corepresentación del Dr. Rodríguez Blázquez. Señaló que no tiene intereses adversos con dicha parte y que su representación no conllevará levantar defensas encontradas.

El 26 de enero de 2024, el Dr. Rodríguez Blázquez presentó una *Respuesta del Dr. Rodríguez Blázquez a Urgente Moción Aclarando Posición [...]*. Más adelante, el 6 de febrero de 2024, notificada el 13 de febrero de 2024, el TPI emitió una *Resolución y Orden* mediante la cual declaró *No Ha Lugar* la solicitud de reconsideración que presentó la parte peticionaria.

Inconforme, el 14 de marzo de 2024, la parte peticionaria presentó una *Solicitud de Auto de Certiorari* y señaló la comisión del siguiente error:

> **Erró el Honorable Tribunal de Primera Instancia al aceptar al Lcdo. César T. Alcover Acosta y la Lcda. Carla Loubriel Carrión como corepresentante de la parte demandada junto al Lcdo. Harry Padilla Martínez.**

Examinado el recurso de *certiorari,* este Tribunal emitió una *Resolución* el 21 de marzo de 2024, concediéndole un término de veinte (20) días a la parte recurrida para que expresara su posición

al recurso. El 25 de marzo de 2024, el Dr. Rodríguez Blázquez presentó una *Oposición a la Expedición del Auto de Certiorari*. Con el beneficio de la comparecencia de todas las partes, procedemos a resolver.

**II.**

**A. Certiorari**

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros*, 2023 TSPR 65, 212 DPR ___ (2023). Véase, además, *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *800 Ponce de León Corp. v. AIG*, 205 DPR 163, 174 (2020); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009). En particular, es un recurso mediante el cual se solicita la corrección de un error cometido por un foro inferior. *Torres González v. Zaragoza Meléndez, supra*. Así pues, la determinación de expedir o denegar un recurso de *certiorari* está enmarcada en la discreción judicial. *800 Ponce de León Corp. v. AIG, supra*. No obstante, la discreción judicial para expedir o no el auto de *certiorari* solicitado no ocurre en un vacío ni en ausencia de unos parámetros. *Torres González v. Zaragoza Meléndez, supra*.

A esos efectos, la Regla 52.1 de Procedimiento Civil (32 LPRA Ap. V) limita la autoridad de este Tribunal de Apelaciones para revisar las órdenes y resoluciones interlocutorias que dictan los tribunales de instancia por medio del recurso discrecional del *certiorari*. Véase, *Scotiabank of PR v. ZAF Corp.*, 202 DPR 478, 486-487 (2019). En lo pertinente, la precitada disposición reglamentaria, *supra*, dispone que:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter

dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia, al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Si ninguno de esos elementos está presente en la petición ante la consideración del Tribunal, procede abstenerse de expedir el auto, de manera que se continúen los procedimientos del caso, sin mayor dilación, ante el Tribunal de Primera Instancia. *García v. Asociación*, 165 DPR 311, 322 (2005); *Meléndez Vega v. Caribbean Intl. News*, 151 DPR 649, 664 (2000); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

Con el fin de que podamos ejercer de una manera sensata nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso, la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari*. *Torres González v. Zaragoza Meléndez, supra.* En lo pertinente, la precitada disposición reglamentaria dispone lo siguiente:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari*, o de una orden de mostrar causa:

A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Nótese que, distinto al recurso de apelación, el auto de *certiorari,* por ser un recurso discrecional, debemos utilizarlo con cautela y por razones de peso. *Pueblo v. Díaz de León, supra,* pág. 918.

Ahora bien, el Tribunal Supremo de Puerto Rico reiteradamente ha indicado que la *discreción* significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. *Pueblo v. Rivera Santiago,* 176 DPR 559, 580 (2009); *García v. Padró,* 165 DPR 324, 334 (2005). El adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". *Pueblo v. Ortega Santiago,* 125 DPR 203, 211 (1990). Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. *Pueblo v. Rivera Santiago, supra,* pág. 581; *S.L.G. Flores, Jiménez v. Colberg,* 173 DPR 843 (2008).

**III.**

El Dr. Colón Rivera solicita que este Tribunal intervenga para que revisemos la *Resolución y Orden* emitida el 12 de diciembre de 2023, notificada el 19 de diciembre de 2023, mediante la cual el TPI aceptó al Lcdo. César T. Alcover Acosta y la Lcda. Carla Loubriel Carrión como corepresentantes del Dr. Rodríguez Blázquez junto al Lcdo. Harry Padilla Martínez. Luego de examinar meticulosamente el expediente del recurso ante nuestra consideración, declinamos

ejercer nuestra discreción para expedir el auto discrecional solicitado. *Veamos.*

Al examinar el trámite procesal del caso, específicamente, la *Reconsideración* que presentó la parte peticionaria, la *Oposición a Moción de Reconsideración [...]* que presentó el Dr. Rodríguez Blázquez y la *Moción en Cumplimiento de Orden sobre Solicitud de Reconsideración* que presentó Triple-S, no encontramos indicio de que el TPI haya actuado de forma arbitraria, caprichosa, haya abusado al ejercer su discreción o cometido algún error de derecho al emitir el dictamen recurrido. *Pueblo v. Rivera Santiago, supra*; *S.L.G. Flores, Jiménez v. Colberg, supra*. Véase, además, *Trans-Oceanic Life Ins. V. Oracle Corp*, 184 DPR 689, 709 (2012).

Así pues, el TPI tuvo la oportunidad de evaluar la solicitud de reconsideración y los demás escritos presentados, y, en consecuencia, ejerció su discreción al declarar *No Ha Lugar* la solicitud de la parte peticionaria. No debemos pasar por desapercibido que, los tribunales de primera instancia gozan de amplia discreción para pautar y conducir la tramitación de los procedimientos ante su consideración de forma que se pueda asegurar la más eficiente administración de la justicia. *Vives Vázquez v. E.L.A.*, 142 DPR 117 (1996).

Además, tampoco debemos obviar que la determinación que hace el TPI sobre la descalificación de un abogado y de su bufete está impregnada de un alto grado de discreción. *Meléndez v. Caribbean Int'l. News*, 151 DPR 649 (2000).

Así, evaluados los criterios establecidos en la Regla 52.1 de Procedimiento Civil, *supra*, y los de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, resolvemos denegar el *certiorari* solicitado, pues no identificamos fundamentos jurídicos que nos motiven a expedir el mismo en esta etapa de los procedimientos.

**IV.**

Por los fundamentos antes expuestos, *denegamos* el auto de *certiorari.*

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones